CHARLES H. CARTER, Appellant, *v.* MARY E. A. BOYLE, Respondent.

(County Court, Saratoga County, January, 1908.)

Justices of the peace — Procedure in Justices' Courts — Pleading — Verification of pleadings — Right to judgment on verified complaint.
Evidence: Best and secondary evidence — Distinction between best and secondary evidence to prove particular matters — Contents of instruments: Opinion evidence — Non-expert evidence — Distinction between matters of fact and conclusions of law — Requirements of building contract.

Where, to a verified complaint in an action brought in Justice's Court for a balance due on contract and for extra work, the defendant's answer was an unverified general denial and counterclaim, plaintiff is entitled to judgment upon his complaint without further proof.

Where the written contract upon which the balance due was claimed, though offered in evidence, was excluded on defendant's objection, upon the ground that certain plans and specifications which were part of the contract had not been produced nor their absence accounted for, it is error to permit defendant, upon the cross-examination of plaintiff's witnesses, to propound questions to them calling for their conclusions concerning the terms of said contract.

APPEAL from a judgment of a Justice's Court in favor of defendant.

John Scanlon, for appellant.

Thomas F. Powers, for respondent.

ROCKWOOD, J.    The plaintiff brought this action, serving a verified complaint, to recover a balance claimed to be due under a plumbing contract together with a judgment for extra work, labor and services.    An unverified general denial with a counterclaim for one hundred dollars was interposed by the defendant.    At the time of the joinder of issue the plaintiff asked for judgment upon the ground that the defendant had failed to verify her answer.    This was denied by the justice, who ruled that he would treat both pleadings as unverified.    An exception was duly taken to this and it is urged as one of the grounds requiring a reversal of the judgment.

The verification of pleadings in a Justice's Court was for many years governed by chapter 414 of the Laws of 1881, section 2 of which provides "In case the defendant appears and answers in such action, his answer shall be in writing and shall be verified as above provided for the verification of a complaint."

And section 4: "In case the defendant fails to answer said complaint *as hereinbefore provided* at the time of the return of said summons, he shall be deemed to have admitted the allegations of the complaint as true, and the court *shall,* upon filing the summons and complaint, with due proof of service thereof, enter judgment for the said plaintiff and against the defendant for the amount demanded in such complaint, with costs, without further proof."

This statute has uniformly been construed to accord to the plaintiff the right to an immediate judgment in a proper case where his complaint was verified, providing that a verified answer had not been served by the defendant.

By chapter 291 of the Laws of 1906, chapter 414 of the Laws of 1881 was repealed and subdivision 4 thereof was substantially incorporated in section 2988 of the Code of Civil Procedure.

The words " shall  *  *  *  enter judgment " in sub-

division 4 of the old law are changed to "judgment *may* be entered" in section 2988 of the Code.

It is not clear that it was the intention of the Legislature, in thus substituting the word "may" for "shall," to leave the entry of judgment discretionary with the justice; and such reading of the present statute would, apparently, nullify the plain intent of the law. It must be, as it always has been since the enactment of the law of 1881, above quoted, that a plaintiff who serves a properly verified complaint in a Justice's Court, in one of the cases provided for, is entitled to judgment in case the defendant appears and serves an unverified answer. To leave the matter entirely discretionary with the justice would not only work confusion, but lead to a lack of uniformity and to an uncertainty in the practice which should be avoided.

The plaintiff, having served a verified complaint in one of the cases specified, was entitled to judgment at the time of the supposed joinder of issue. There really was no issue because the answer was unverified, and the state of the pleadings was such as to have required the justice to have rendered judgment for the plaintiff without further proof.

In addition to the foregoing, however, there are other errors in the record which call for a reversal of the judgment. The action was in part upon a written contract which the plaintiff, upon the direct examination of his witnesses, sought to introduce in evidence. The contract was produced, signatures identified, and then offered in evidence by the plaintiff. Defendant's counsel objected to it upon the ground that the whole contract was not before the court; that certain plans and specifications were a part of the contract and that such supplemental papers must be produced with the contract or their absence accounted for. This was clearly a proper objection and the court sustained it and thereupon dismissed the cause of action under the contract.

Evidence was then taken as to the extra work. During the progress of this testimony defendant's counsel, in his cross-examination of the architect who prepared the plans, asked: "Q. What kind of a closet did the specifications require to be put in *under the contract?* A. Trojan. Q. Was

the closet which was required *under the contract* installed?
A. No.    Q. Can you now tell what would have to be done
to conform to the plans and specifications?    A. The closet
would have to be taken out, the floor would have to be
changed and the closet would have to be installed.    *  *  *
Q. You recall the plans and specifications?    I ask you fur-
ther, do you remember *under the contract* of plans and speci-
fications a provision that if anything was unsatisfactory Mr.
Carter was to get twenty-four hours' notice to take it out;
was there such a provision there?    A. Yes."

It thus appears that, having caused the contract to be ex-
cluded upon the direct examination, the defendant still in-
terrogated witnesses concerning its terms upon cross-examina-
tion.    The contract was in court and was the best evidence of
its contents; and, as it had not been introduced in evidence,
no secondary testimony concerning its contents should have
been given.    This clearly operated to the prejudice of the
plaintiff, as it put before the justice the witness' idea of the
contract and its terms, while the contract itself was kept from
the record.

There were other errors in the admission or rejection of
testimony, but they are not necessary to be considered in
view of the foregoing conclusion.

Excluding from the record the testimony erroneously re-
ceived, the judgment is contrary to and against the weight
of the evidence, for which reason the same is reversed and a
new trial directed before Herbert R. Van Kleeck, Esq., jus-
tice of the peace of the town of Waterford, Saratoga county,
N. Y., on January 31, 1908, at ten o'clock A. M. of that day,
or at such other time to which said case may be adjourned
by said justice, with actual disbursements of the appeal to
be paid to the appellant by the respondent, to be taxed if not
agreed upon.

Let an order be entered in accordance herewith.

*Judgment reversed and new trial ordered.*